IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

CHRISTOPHER PROSSER, individually and
on behalf of all others similarly situated,          )
                                                     )
                    Plaintiffs.                      )
                                                     )
Vs.                                                  )
                                                     )
Capgemini America, Inc., d/b/a Capgemini.com         )
                                                     )
                    Defendants.                      )

**F I L E D**

DEC 17 2024

MICHAEL E. REUTER
CIRCUIT CLERK

No. _____

24JE-CC01197

Jury Trial Demanded

## COMPLAINT CLASS ACTION

Plaintiff Christopher Prosser ("Prosser" or "Plaintiff"), and on behalf of others similarly situated, and for his Class Action Complaint against Defendant Capgemini America, Inc., d/b/a Capgemini.com, states, alleges and avers the following:

### Nature of the Action

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in 407.1076 and Mo. Rev. Stat. § §407.1098.

2.      Plaintiff Christopher Prosser alleges and avers that Defendant American Dream Auto Protect Inc (hereinafter collectively referred to as "CAP" and "Defendant"), made more than eight (8) unsolicited telemarketing calls and blast automated texts to his cellular telephone number which is listed on the Missouri State and National "Do Not Call" Registries (the "Registries") without his express written consent.

3.      Defendant accomplishes their telemarketing campaigns by making unsolicited

1

robocalls (*i.e.*, using a predictive dialer and/or pre-recorded and Automated Dialing Systems capable of storing Plaintiff's personal and private information and telephone number listed on the do not call registry) to cellular telephone numbers, without the prior express consent of the persons using those cellular telephone numbers despite those numbers being lawfully registered by their owners on the Missouri and Federal Do-Not-Call registries.

4.    By doing so, the Defendant violated the provisions of the Missouri No Call List, Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076, and Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227), when it contacted numbers on the Registry without their express written consent. Defendant has caused Plaintiff and Class Members to suffer concrete injuries because of placing unwanted telephonic sales calls to their phones.

5.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and Telemarketing, and the Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227), on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

6.    In response to Defendants' unsolicited telemarketing calls, Plaintiff filed the instant lawsuit and seeks damages and an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages and treble damages to the members of the Classes under the TCPA and Missouri No Call ("MDNC") Registry Section 407 et seq., together with costs and reasonable attorneys' fees. Because telemarketing calls typically

use technology capable of generating thousands of similar calls per day, the Plaintiff also sues on behalf of a proposed nationwide class of other persons who received similar calls/texts.

7.     Class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the MDNC and TCPA, and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08.

II.     <u>Parties</u>

8.     Plaintiff Christopher Prosser (hereinafter referred to as "Plaintiff," "Chris," or "Mr. Prosser") is an individual residing in this District.

9.     Defendant Capgemini America, Inc., d/b/a Capgemini.com ("CAP" or "Defendant CAP") is a New Jersey corporation which is headquartered at 623 5th Avenue, Floor 33, New York, NY and is a company that makes telemarketing calls, or employs its agents to make telemarketing calls within and into this District to numbers on the Missouri and Federal No Call Lists, just as it did with the Plaintiff. Defendant CAP is also a registered foreign company with the Missouri Secretary of State.

<u>**Jurisdiction and Venue**</u>

10.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo. This Court has jurisdiction over the federal claims under the Telephone Consumer Protection Act, 47 U.S.C. 227(b)(1)(A). This Court has personal jurisdiction over the Defendant CAP because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant CAP which encourage, entice, condone, and ratify illegal telemarketing calls and texts into this District to persons on the no call lists.

3

11.     Additionally, Defendant CAP has sufficient minimum contacts with the State of Missouri in that they transact business in Missouri, profit personally from CAP sales made in Missouri; they send their products to Missouri; they are a registered foreign company with the Missouri Secretary of State; they advertise in Missouri, and the tortious acts complained of within this complaint occurred in Missouri to a Missouri resident, thereby subjecting CAP and the Doe's to Missouri's long arm statute, Section 506.500.1. See *Prosser v. USHealth Advisors, et al*, 2023 WL 5093872 (E.D. Mo. August 9, 2023); *UMB BANK, N.A. v. KRAFT CPAS, PLLC*, 2023 WL 3666879 (W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

12.     This Court has personal jurisdiction over the Defendant because they either reside in this District and/or made the calls into this District.

13.     Venue is proper because the calls at issue were made into this District and/or from this District to a Missouri resident in this District and Missouri has a strong interest in providing a forum for torts committed against their residents in Missouri.

**THE MISSOURI NO-CALL LAW**

14.     The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1 provides:

No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

15.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2), and Plaintiff is a qualified residential subscriber.

4

16.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

17.    Defendant's calls and/or automated blast texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to their unsolicited sales calls in violation of State and Federal Law.

18.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

19.    Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

20.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

21.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

> (3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

5

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

22.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

23.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls or texts, or "on whose behalf" such calls/texts are promoted. 47 U.S.C. 227(c)(5).

**III.    Factual Allegations**

24.    Defendant CAP is a company that sells its services and tech support to consumers and other companies.

25.    To generate leads, Defendant CAP, and its agents, employees, and vendors, which upon information and belief includes other unknown marketing firms and call centers, make random, direct dialed and robocall generated telemarketing calls and automated blast texts to consumers who have never had a relationship with CAP, and who never consented to receive their calls or automated blast texts.

26.    Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

27.    Plaintiff personally registered his private residential cellular telephone number (the "Number"), 314-698-XXXX, on the Missouri and National Do Not Call Registries to stop the plethora of annoying and harassing telemarketing phone calls he had been receiving since 2022, where it has since remained uninterrupted, and this phone number is used primarily for residential purposes and is not associated with any business.

28.    Despite this MDNC and DNC prohibitions, CAP placed more than eight (8) telemarketing calls/texts to Mr. Prosser on September 20, 2024, all approved, condoned, enticed and ratified by Defendants CAP, and their policies, practices, and procedures.

29.    Defendant made eight (8) unsolicited calls/texts directly or by agents, employees or telemarketers during this period without Plaintiff's prior express written consent.

30.    Despite the fact the Plaintiff is on both the State and Federal registries, the Defendants persistently solicited Mr. Prosser on his personal residential cell phone to engage the services of Defendant CAP.

31.    During all these calls, prior to receiving each call or text, there was a significant pause and clicks, several computer squeals, a clunking sound, other computer sounds, and dead air space, which are a telltale sign that Defendants used an automatic telephone dialing system to make all calls and automated texts and the automated texts contained hyperlinks and opting instructions.

32.    Defendants placed each call alleged in this complaint with one or more automatic telephone dialing systems which are capable of storing, producing, and dialing any telephone

number, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the automatic dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion in violation of 47 U.S.C. § 227(a)(1).

33.    The calls/texts detailed *infra* were each placed to Plaintiff's private residential cell phone during the following dates and times, despite that his number is clearly registered on the Federal and Missouri Do Not Call registries.

|   |   |   |   |   |
|---|---|---|---|---|
| a. | 09/20/2024 | 11:44 am | (501) 355-2472 | |
| b. | 09/20/2024 | 12:17 pm | same | |
| c. | 09/20/2024 | 12:18 pm | same | |
| d. | 09/20/2024 | 12:21 pm | same | |
| e. | 09/20/2024 | 2:07 pm | same | |
| f. | 09/20/2024 | 2:07 pm | same | Advertisement picture |
| g. | 09/20/2024 | 2:08 pm | same | |
| h. | 09/20/2024 | 2:22 pm | same | |

34.    None of the telephone calls/texts alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

35.    In addition, the calls/texts occupied their telephone lines, rendering them unavailable for legitimate communication.

36.    Plaintiff's privacy and right to seclusion have been violated by the above-described telemarketing calls and texts and Plaintiff was severely, annoyed, frustrated, and harassed by these calls and automated blast texts.

37.    The Plaintiff never provided his written consent or requested these calls/texts.

38.    Defendant's aggravating, frustrating and annoying phone calls/texts trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, caused him to incur provider fees, the depletion of his battery life, wear and tear on his phone equipment and by intruding upon Plaintiff's right to seclusion.

39.    Defendant's phone calls/texts harmed Plaintiff and class members by wasting their time and forcing them to unwillingly listen to their unlawful sales pitch.

## Class Definitions

40.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2) and (b)(3), on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service using any automatic telephone dialing system, predictive dialing system, or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class"):**
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who

9

received more than one telephone call made by or on behalf of Defendants in the course of marketing their services; (3) within a 12-month period;

**Missouri Do Not Call Class ("MDNC Class"):**
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that engaged their telemarketing activities and services; (3) within a 12-month period.

41.    Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42.    The Class as defined above are identifiable through phone records and phone number databases.

43.    The potential members of the Class number at least in the thousands.

44.    Individual joinder of these persons is impracticable.

45.    Plaintiff is a member of the Class.

46.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.    Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.    Whether Defendants had prior express written consent to call Class members;

c.    Whether Defendants systematically made telephone calls/texts to members of the MDNC and DNC Classes whose telephone numbers were registered with the national Do-Not-Call registry and Missouri No Call Registry;

d.    Whether Defendants systematically made telephone calls/texts to members of

10

the MDNC and DNC Classes where Defendants did not have a current record of consent to make such telephone calls;

e.      Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.      Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

47.      The Plaintiffs' claims are typical of the claims of members of the Class.

48.      Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he and other class members are complex litigation paralegals and have access to attorneys experienced in class actions, including TCPA class actions.

49.      Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

50.      The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, and sub-contractors.

51.      The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### COUNT I
### Violations of the MDNC Against All Defendants
### by Plaintiff Individually and on Behalf of the MDNC Class

52.      Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 51 as though set forth herein.

11

53.     Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendant.

54.     The Defendant's acts and omissions of making eight (8) or more illegal calls/texts to Plaintiffs private residential cellular phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

55.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

56.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls.

57.     In violation of the MDNC, Defendants made and/or knowingly allowed telephonic sales calls/texts to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

58.     Defendant made and/or knowingly allowed the telephonic calls/texts to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

59.     The Defendant's violations were negligent, willful, or knowing and calculated to violate the Plaintiffs rights to privacy, and seclusion, as well as to harass, annoy, and frustrate the

12

Plaintiffs and Defendant's aggravating, frustrating and annoying phone calls/texts trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, caused him to incur provider fees, the depletion of his battery life, wear and tear on his phone equipment and by intruding upon Plaintiff's right to seclusion.

60.    As a result of Defendant's conduct and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation.

61.    Plaintiff and the Class members are also entitled to an injunction against future calls.

**WHEREFORE,** Plaintiff Prosser and all members of the MDNC class prays for judgment against Defendant CAP for $5,000.00 per violation totaling forty thousand dollars ($40,000.00) for calls/texts to Plaintiff Prosser, and additional damages per call/text to each class member, for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

<u>**Count II**</u>
<u>**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**</u>
<u>**(On behalf of Plaintiff and the Robocall and ATDS)**</u>

62.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 61 as if fully set forth herein.

63.    The foregoing acts and omissions of Defendant Capgemini America, Inc., d/b/a Capgemini.com and its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls/texts (eight (8) to

Plaintiff), except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

64.   The Defendant's violations were negligent, willful, or knowing.

65.   As a result of the knowing and willful illegal acts of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call/text made.

66.   Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Prosser individually and on behalf of all others similarly situated, seeks judgment against Defendant Capgemini America, Inc., d/b/a Capgemini.com as follows:

(a)   For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)   For an award of statutory damages for Plaintiff in the amount twelve thousand ($12,000.00) dollars and for additional damages for each call to each member of the Classes;

(c)   For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d)   For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e)   For prejudgment interest on all amounts awarded;

14

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     Such further and other relief as the Court deems necessary.

### COUNT III
### Violations of the TCPA Against All Defendants
### by Plaintiff Individually and on Behalf of the DNC Class

67.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66 as though set forth herein.

68.    47 U.S.C. §227(c) provides that any "person who has received more than one telephone call/text within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

69.    The foregoing acts and omissions of Defendant's Capgemini America, Inc., d/b/a Capgemini.com and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by illegally calling/texting the Plaintiff's residential cell phone eight (8) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls/texts, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

70.    Defendant's Capgemini America, Inc., d/b/a Capgemini.com, violations were negligent, willful, and knowing.

71.    As a result of Defendant Capgemini America, Inc., d/b/a Capgemini.com and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of

the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call made.

72.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant Capgemini America, Inc., d/b/a Capgemini.com from making like calls/texts to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant Capgemini America, Inc., d/b/a Capgemini.com as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff in the amount twelve thousand ($12,000.00) dollars and for additional damages for each member of the Classes for their separate damages per call/text;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

## COUNT IV
### Defendants' Vicarious Liability

16

*COMES NOW*, Plaintiff and for his fourth cause of action against Defendant Capgemini America, Inc., d/b/a Capgemini.com, states:

73.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

74.    For 28 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

75.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

76.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

17

77.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

78.    A direct connection exists between all Defendants herein and the calls/texts complained of by Plaintiff because the calls were directly made on behalf of Defendant Capgemini America, Inc., d/b/a Capgemini.com, by (their employees, agents or telemarketers) so they could all profit from a common enterprise in which they all substantially participated.

79.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

80.    Defendant Capgemini America, Inc., d/b/a Capgemini.com is vicariously liable and responsible for the phone calls/texts at issue because their employees, agents, telemarketers or sub-contractors initiated the calls/texts to Plaintiffs or they substantially participated.

81.    Defendant CAP is vicariously liable for the calls/texts complained of by Plaintiff herein because they:

a)    authorized or caused their employees, agents, telemarketers or sub-contractors to initiate the phone calls/texts or initiated the calls and texts themselves.

b)    directly or indirectly controlled the persons who actually made or initiated the calls/texts;

c)    allowed the employees, telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods

18

and services, without which they would not be able to sell their services using robocalling and direct dialing;

d)     allowed the telemarketers and independent agents to enter or provide consumer information into Defendants' sales or operational systems;

e)     approved, wrote, reviewed, or participated in developing the telemarketing sales scripts and automated text messages;

f)     Defendants reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; or

g)     Defendant Capgemini America, Inc., d/b/a Capgemini.com gave substantial assistance or support to these telemarketers and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that they were engaged in acts or practices that violated the TCPA and MDNC.

82.     Defendant Capgemini America, Inc., d/b/a Capgemini.com and their telemarketers apparently had authority to engage in the direct dialing, autodialing, texting and robocalling at issue herein because after Plaintiff patiently listened and read to the scripted sales pitch the Defendants would have all profited from each sale.

83.     Defendant Capgemini America, Inc., d/b/a Capgemini.com ratified the illegal robocalls, ATDS, and direct dialing DNC and MDNC violations to Plaintiff described above because they accepted and intended the benefits to them of the calls/texts while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without

complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

84.     Defendant Capgemini America, Inc., d/b/a Capgemini.com's actions or inactions were deliberate, knowing and willing.

85.     As a direct and proximate result of the eight (8) illegal calls/texts by the above Defendants, Plaintiff suffered the gross violation of his rights to privacy, solace and seclusion as set forth above, he was frustrated, harassed, annoyed, as well as suffered monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant CAP and their independent contracting agents for their vicarious liability for an additional fifty two thousand ($52,000.00) dollars and for his statutory, actual and/or other treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,

/s/Christopher Prosser
Christoper Prosser
4217 Maple Tree Ct.
Imperial, MO 63052
attorneysacquisitions@outlook.com
(314) 698-8888

### NOTARY PUBLIC

A person personally known to me to be Christopher Prosser, personally appeared before me on the date stated hereafter and after being duly sworn upon his oath, deposed and stated under the penalties of under perjury that the facts set forth in the above and foregoing Class Action Complaint are true and correct to the best of his knowledge and belief.

20

_____
Christopher Prosser

_____
12/17/2024
Date

_____
Notary Public

AMY SEHIE
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 30, 2027
JEFFERSON COUNTY
COMMISSION #23496822

MY COMMISSION EXPIRES: 10/30/2027